ALD-313                                                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

——————

No. 17-2045

——————

RYAN JOSEPH HRIBICK,
                              Appellant

v.

WARDEN FORT DIX FCI

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 17-cv-02432)
District Judge:  Honorable Robert B. Kugler

———————————————————

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 20, 2017

Before:  MCKEE, JORDAN and RESTREPO, Circuit Judges

(Opinion filed:  August 15, 2017)

————

OPINION*

————

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ryan Joseph Hribick, a federal prisoner currently incarcerated at FCI Fort Dix, appeals an order of the United States District Court for the District of New Jersey dismissing his writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will grant Appellee's motion for summary affirmance of the District Court's order.

In 2015, Hribick pleaded guilty in the United States District Court for the District of New Jersey to possession of an unregistered firearm, manufacturing and dealing with explosive materials, conspiring to obstruct justice, and witness tampering. He is currently serving a forty-three month sentence on these convictions. In April 2017, Hribick filed, pro se, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he had been improperly classified by the Federal Bureau of Prisons ("BOP") at the "Greatest Severity" level of the public safety factor.[1] Hribick claims that because of this classification, he has not been allowed to transfer to a prison camp. He requests that the "Court issue an order directing that [the Warden] waive, and remove, the public safety factor (P.S.F.) placed upon [him]," and allow him to transfer to a camp setting.

By order entered on April 19, 2017, the District Court sua sponte dismissed Hribick's § 2241 petition because Hribick's claim was not cognizable under federal habeas review. Hribick appeals. Appellee has filed a motion for summary affirmance.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal order. See Cradle v. United States ex rel. Miner, 290

---

[1] Hribick titled his filing "Motion requesting public safety factor (P.S.F.) be waived, and removed, pursuant to B.O.P. Program Statement 5100.08." The District Court construed Hribick's filing as a habeas petition.

2

F.3d 536, 538 (3d Cir. 2002) (per curiam). We may summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6 if the appeal lacks substantial merit.

We agree with the District Court that Hribick's claim is not cognizable in a § 2241 petition because he does not challenge the basic fact or duration of his imprisonment. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Nor does Hribick's claim challenge the "execution" of his sentence within the narrow jurisdictional scope described in Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). In Woodall, we held that a district court has jurisdiction under § 2241 to consider a federal prisoner's challenge to the failure to transfer him to a community corrections center ("CCC") because "[c]arrying out a sentence through detention in a CCC is very different than carrying out a sentence in an ordinary penal institution." Id. at 243. Specifically, we determined that Woodall sought "more than a simple transfer," observing that his claims "crossed[ed] the line beyond a challenge to, for example, a garden variety prison transfer." Id. Hribick's claim is much more akin to the "garden variety" transfers that are excluded from the scope of § 2241.

Because this appeal does not raise a substantial question, we will grant Appellee's motion for summary affirmance and will affirm the judgment of the District Court.